

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2004

# USA v. Romeu

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Romeu" (2004). *2004 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2617
_____

UNITED STATES OF AMERICA

v.

FELIX ROMEU,

Appellant
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 02-cr-00646-03
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a) December 14, 2004

Before: NYGAARD, ROSENN, and BECKER, Circuit Judges

(Filed December 16, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

A federal grand jury in the Eastern District of Pennsylvania returned an

indictment of Felix Romeu, the appellant, and three co-defendants charging Romeu with

one count of conspiracy to distribute more than one hundred grams of heroin in violation

of 21 U.S.C. § 846. It also indicted him on four counts of distribution of heroin near a

school in violation of 21 U.S.C. § 860, five counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute more than one hundred grams of heroin in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.

On January 21, 2003, Romeu pled guilty to all charges pursuant to a written plea agreement with the Government. The District Court imposed a sentence of 92 months imprisonment, a term of supervised release of six years, and a special assessment of $1200. Romeu timely appealed.

When Romeu pled guilty to all charges pursuant to a written plea agreement, the agreement stipulated that the heroin conspiracy involved 227 grams of heroin resulting in a base offense level of 26. The agreement also stipulated that Romeu was entitled to a three-level downward adjustment for acceptance of responsibility under Sentencing Guideline 3E1.1(a) and (b). In exchange for the undertakings made by the Government in the plea agreement, Romeu voluntarily and expressly waived all rights of appeal or to collaterally attack his conviction, sentence, or any other matter relating to the prosecution under any provision of the law except if: (1) the Government appealed his sentence, (2) the sentence exceeded the statutory maximum, or (3) the District Court erroneously departed upward from the applicable sentencing guideline range. The District Court questioned Romeu about the appellate waiver and he acknowledged that he understood

2

what he was doing.

As required by Anders v. California, 386 U.S. 738 (1967), counsel for Romeu points out that there are no non-frivolous claims. He also submitted a copy of his brief to the defendant, who filed his own pro se brief. The defendant contends that Counts III, V, VII, IX, XII, XIII, and XIV are all § 841(a) counts which are lesser included offenses of § 860. Thus, he contends that they duplicate Counts II, IV, VI, and VIII.

The Government agrees with counsel that there are no non-frivolous claims, other than Romeu's claim, raised in his pro se brief, pertaining to Counts III, V, VII, and IX. Thus, despite the waiver of appeal, the Government concedes that Romeu's convictions and sentences on Counts III, V, VII, and IX (distribution of heroin in violation of 21 U.S.C. § 841(a)(1)) should be vacated because they are lesser included offenses of Counts II, IV, VI, and VIII (distribution of heroin near a school in violation of 21 U.S.C. § 860(a)). However, we agree with the Government that vacating those sentences has no effect on the sentences or convictions on the other counts or on Romeu's overall sentence. The effect of vacating the convictions and sentences on those counts will be to reduce Romeu's special assessment by $400. Accordingly, after reviewing the record and briefs, this case will be remanded to the District Court to amend its judgment and commitment order by reducing the special assessment from $1200 to $800.

Romeu's challenge to his sentence on Counts XII, XIII, and XIV is dismissed for lack of jurisdiction because of his appellate waiver and the Government sought to enforce

3

the waiver with respect to that issue. Furthermore, the Government argues that the challenge to the sentence on Counts XII, XIII, and XIV are without merit. We agree.

Accordingly, the judgment of conviction and sentence of the District Court is affirmed in all respects except as to Counts III, V, VII, and IX which are herewith vacated.